UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL PERRY | CIVIL ACTION NO. 6:16-cv-00261 |
| VERSUS | JUDGE HICKS |
| HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending before the court is the defendants' motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Rec. Doc. 7). The motion is opposed. (Rec. Doc. 11). The motion was referred to the undersigned Magistrate Judge for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Oral argument was heard on June 28, 2016. Considering the evidence, the law, and the arguments presented, and for the following reasons, it is recommended that the motion be denied, the plaintiff be given an opportunity to amend his complaint, and the defendant be permitted to reurge its motion, if appropriate, after the complaint has been amended.

### BACKGROUND

According to his complaint, the plaintiff underwent left hip replacement surgery at Lafayette Surgical Specialty Hospital on March 23, 2013. He alleges that

his surgeon implanted a Trident PSLHA Cluster Acetabular Shell, Trident X3 10 Polyethylene insert, Torx 6.5 mm cancellous bone screw, Acetabular Dome Hole Plug, LFIT Anatomic C-taper Femoral Head and Secur-Fit Max 132 Neck Angle Hip Stem (collectively referred to hereinafter as "the Device"), which was allegedly manufactured by defendant Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics. He alleges that the Device was defective and that, after surgery, he began experiencing pain and discomfort in the area where the Device was implanted, a "loose" feeling in his left hip, and popping and grinding noises in the hip. He attributes these problems to the alleged defects in the Device. On June 6, 2015, the plaintiff allegedly had a blood test that showed the presence of heavy metal ions, including chromium and creatine, that he attributes to the Device.

## ANALYSIS

### A. THE DEFENDANT'S CONTENTIONS

The defendant, Howmedica Osteonics Corporation, contends that the plaintiff's complaint fails to allege sufficient facts and should, therefore, be dismissed. More particularly, the defendant argues that the plaintiff has not asserted a valid claim under the Louisiana Products Liability Act and that all claims falling outside the Louisiana Products Liability Act should be dismissed.

B.    **THE APPLICABLE STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[1] A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3] The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."[4] "This standard simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[5]

C.    **THE EXCLUSIVITY OF THE LPLA CLAIM**

The plaintiff's complaint does not expressly assert a claim under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq*. The complaint does,

---

[1] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 545.

[4] *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008).

[5] *In re Southern Scrap Material Co., LLC*, 541 F.3d at 587 (internal quotation omitted).

however, expressly assert the following claims: negligence, negligence per se, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach of express warranty, breach of warranty of merchantability, breach of implied warranty, consumer fraud and/or unfair and deceptive trade practices, gross negligence/malice, a claim for punitive damages, and a claim for medical monitoring. Although the plaintiff mentions federal law in his complaint, he does not reference any particular federal statute that might afford relief. The plaintiff's complaint solely premises jurisdiction before this Court on 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Rec. Doc. 1 at 3). When subject-matter jurisdiction is based on diversity, as it is in this case, federal courts apply the substantive law of the forum state.[6] Therefore, Louisiana's substantive products liability law – the LPLA – applies to this case.

The LPLA provides that it is the exclusive remedy for products liability suits under Louisiana law, stating that "[a] claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set

---

[6] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). See, e.g., *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010); *Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311, 316 (5th Cir. 2012); *Learmonth v. Sears, Roebuck and Co.*, 710 F.3d 249, 258 (5th Cir. 2013); *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013).

forth in this Chapter."[7] Therefore, the claims asserted by the plaintiff in this lawsuit are cognizable only if they can be restated in accordance with the LPLA.

### D. THE PLAINTIFF ARGUED FOR LEAVE TO AMEND HIS COMPLAINT

The plaintiff argued in his opposition brief that he should be afforded an opportunity to amend his complaint to correct any deficiencies. (Rec. Doc. 12 at 9). "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[8] "Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[9]

Accordingly,

IT IS RECOMMENDED that the pending motion to dismiss (Rec. Doc. 7) be denied without prejudice to the right of the defendant to re-urge the motion, if appropriate, to seek dismissal of the amended complaint.

---

[7] La. R.S. 9:2800.52. See, also, *Payne v. Gardner*, 2010-C-2627 (La. 02/18/11), 56 So.3d 229, 231 ("plaintiff's exclusive remedy. . . sounds in products liability as governed by the Louisiana Products Liability Act"); *Mazant v. Visioneering Inc.*, 250 Fed. App'x 60, 63 (5th Cir. 2007) ("since the LPLA provides the exclusive theories of liability for manufacturers for damage caused by their products, liability based on a negligence claim is not permitted"); *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 204 (5th Cir. 2001) ("the LPLA establishes four exclusive theories of liability: defective design, defective construction, failure to warn, and breach of warranty").

[8] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[9] *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

IT IS FURTHER RECOMMENDED that the plaintiff be ordered to file, not later than August 1, 2016, an amended complaint asserting claims under and in conformity with the LPLA and striking all claims asserted in his original complaint that are not permitted under the LPLA. In drafting the amended complaint, the plaintiff should carefully consider whether the John Doe defendants should be retained in this lawsuit, should precisely tailor his allegations to the Device rather than to any other hip replacement system that might have been manufactured by Howmedica, and should include sufficient factual detail concerning his own medical history to establish his claimed damages.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 27, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE