UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL PERRY | CIVIL ACTION NO. 6:16-cv-00261 |
| VERSUS | JUDGE HICKS |
| HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Two motions to dismiss this lawsuit are currently pending. The defendant filed a motion to dismiss the plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted (Rec. Doc. 18), which is unopposed and set for oral argument before the undersigned Magistrate Judge on September 27, 2016. Rather than opposing the defendant's motion to dismiss, the plaintiff filed his own motion to dismiss the complaint on the basis of prematurity. (Rec. Doc. 20). Both motions were referred to the undersigned Magistrate Judge for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

In his original complaint, the plaintiff alleged that he underwent left hip replacement surgery on March 23, 2013, and that his surgeon implanted a device that was allegedly manufactured by defendant Howmedica Osteonics Corporation d/b/a

Stryker Orthopaedics. The plaintiff further alleged that the device was defective and resulted in injuries that will likely require a second hip replacement surgery.

Howmedica responded to the complaint with a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Rec. Doc. 7). The court denied the motion to dismiss but ordered the plaintiff to amend his complaint in order to state a valid claim and afforded the defendant an opportunity to reurge its motion, if necessary or appropriate, after the complaint was amended. (Rec. Docs. 15, 16). The plaintiff amended his complaint (Rec. Doc. 17), and the defendant filed a second motion to dismiss (Rec. Doc. 18). The plaintiff did not file an opposition to the motion within the permitted delays. Instead, after the deadline for opposing the motion elapsed, the plaintiff filed his own motion to dismiss the complaint. (Rec. Doc. 20).

This Court construes the plaintiff's motion to dismiss as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). This Court has discretion to grant such a motion, and it is appropriate to do so when the lawsuit is in its early stages and the defendant is unlikely to suffer prejudice other than the prospect of a second lawsuit.[1] In this case, the suit has been pending for only seven months, no answer has been filed, no trial date has been set, and motion practice has centered on the content of the

---

[1] *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

complaint and the validity of the plaintiff's claims. This Court finds that the defendant will not be unduly prejudiced by dismissal at this early stage of the litigation.

Accordingly, this Court recommends that the plaintiff's motion to dismiss (Rec. Doc. 20) be granted, that the defendant's motion to dismiss (Rec. Doc. 18) be denied as moot, and that the plaintiff's claims be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on September 19, 2016.

```
_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE
```